UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **PARKER SQUARE SYNDICATE I, LLC.**<br>　　Plaintiff,<br><br>v.<br><br>**UNITED FIRE AND CASUALTY COMPANY,**<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, PARKER SQUARE SYNDICATE I, (hereinafter, "Parker Square"), by and through the undersigned counsel, and hereby files this lawsuit against Defendant, UNITED FIRE, (hereinafter, "United Fire" or "Defendant") for the reasons stated herein below:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for Breach of Contract and Bad Faith.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S. Code § 1332.

3. The amount in controversy exceeds $75,000.00.

4. Plaintiff, Parker Square is a Texas Corporation with its principal place of business located in Wichita Falls, Texas.

5. Defendant, United Fire is a foreign company registered in Cedar Rapids, Iowa with its principle place of business located in Iowa, but that issues policies in the State of Texas, including the policy purchased by the Plaintiff.

6. On or about May 8, 2015, Parker Square suffered a loss due to a hail storm to its insured property located at 2901 Kemp Street, Wichita Falls, Texas, 73608.

7. Venue is proper pursuant to 28 U.S. Code § 1391 because it is the venue in which the cause of action accrued, *i.e.*, where the covered loss occurred.

## FACTS COMMON TO ALL COUNTS

8. United Fire issued insurance policy number 85318249 to Parker Square that provided coverage for the insured property located at 2901 Kemp Street, Wichita Falls, Texas, 73608. A copy of the policy is attached as **Exhibit "A."**

9. The policy is an all-risks policy; as such, it covered Parker Square's property for all direct physical losses unless otherwise excluded.

10. The policy covers damages resulting from hail.

11. The policy covers any and all direct physical damage caused by wind.

12. The policy covers ensuing interior water damages through any and all openings created by wind and/or hail.

13. The policy includes replacement cost coverage.

14. The policy includes code upgrade coverage.

15. The policy does not include an endorsement limiting recovery for damages caused by wind or hail.

16. The policy does not contain an exclusion precluding coverage for damages caused by wind or hail.

17. On or about, May 8, 2015, Parker Square incurred loss due to a hail and/or wind storm ("the loss") to its property. As stated, *supra*, damages resulting from such a storm, whether caused by hail and/or wind are covered under the policy.

18. Parker Square timely notified United Fire of the loss and fulfilled all of its obligations under the policy pertaining to United Fire's investigation of its claim.

19. Despite Parker Square's cooperation, and despite the extent and severity of the damage suffered at the insured property, United Fire ultimately denied insurance benefits to Parker

Square that were due and owing under the policy, thereby failing to uphold its obligation to its insured.

20. Specifically, Parker Square's property suffered storm damage requiring full replacement of the roofing system.

21. The intended purpose of the roofing system has been compromised.

22. Despite the severe damage to the building, United Fire has failed to pay what is owed.

23. Parker Square timely reported its claim to United Fire.

24. Parker Square complied with all post-loss conditions under the policy.

25. United Fire's failure to pay owed insurance benefits to Parker Square after a direct loss occurred is a breach of the contract of insurance.

26. United Fire's failure to properly investigate the loss, along with its failure to timely adjust the loss create liability for bad faith and amount to unfair settlement practices.

## COUNT I: BREACH OF CONTRACT

27. Parker Square reincorporates and restates allegations set forth in paragraphs 1-26 above by this reference.

28. Pursuant to the policy, United Fire has a contractual obligation to pay the full amount of the loss, including the cost to repair, restore, and/or replace the damaged property, less applicable deductibles.

29. United Fire breached the policy by failing to pay Parker Square's benefits once they became due and owing under the policy.

30. As a result of United Fire's sub-par investigation, and adjustment of the loss, Parker Square ended up having to retain its own experts to re-assess the property and determine the cause

and extent of the loss.

31. Specifically, Parker Square hired Mr. Greg Kaszas, P.E., with GRK Consulting Engineers, Inc. who inspected the property. Mr. Kaszas identified hail damage at the subject property and ultimately concluded that the damages warrant a full roof replacement. A true and correct copy of GRK Consulting Engineers, Inc.'s report is attached hereto as **Exhibit "B."**

32. Parker Square also retained Larry McCallister of LJB Restoration, Consulting and Construction, (hereinafter "LBJ"), who investigated the subject property on February 8-9, 2015 and reviewed the StormIntel Verify Hail History Report from Weather Guidance Forensics that identified a May 8th, 2015 storm that produced hail in diameter of up to 2 inches at the loss location. McCallister memorialized his opinions in a Roof Survey report dated March 31, 2017. A true and correct copy of the LBJ Roof Survey is attached hereto as **Exhibit "C."**

33. LBJ was also retained to perform an estimate at the subject property of the roof damage. Ultimately, LBJ and GRK agreed that based on the identified hail damage, the roofing system at the insured property needs to be replaced. The estimate completed by LJB totals $130,866.55. *See* the LJB Roof estimate attached hereto as **Exhibit "D."**

34. These reports have been provided to United Fire for its consideration.

WHEREFORE, Plaintiff, respectfully requests the Court enter judgment in favor of Plaintiff, Parker Square Syndicate I, against Defendant, United Fire Casualty Company, in the amount of $130,866.55, less any applicable deductibles. Additionally, Plaintiff is requesting this Court award all general and compensatory damages owed under the policy, interest, fees, costs, reasonable attorneys' fees pursuant Chapter 38.001 of the Texas Civil Practice and Remedies Code, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II: BAD FAITH/UNFAIR CLAIM SETTLEMENT PRACTICE

35. Parker Square reincorporates and restates allegations set forth in paragraphs 1-34 above by this reference.

36. United Fire wrote and sold the policy purchased by Parker Square intending to provide benefits for covered losses such as hail and wind storms.

37. Parker Square paid insurance premiums to bind the policy.

38. Under the policy, United Fire owes its insured a duty of good faith and fair dealing to fully and fairly adjust Parker Square's claims.

39. United Fire has the obligation to treat Parker Square fairly.

40. United Fire has the obligation to retain competent adjusters to adjust its insureds' claim.

41. United Fire has the obligation to place Parker Square's financial interests at least equal to, if not better than United Fire's financial interests.

42. United Fire has the obligation to retain unbiased engineers.

43. United Fire has the obligation to ensure that its retained engineers apply the proper standards as defined by the policy.

44. United Fire has the obligation to properly apply the terms of the policy to its insureds' loss.

45. United Fire has the obligation to pay for any and all direct physical damages to Parker Square's property as a result of this loss, including but not limited to replacement of the roof.

46. United Fire has the obligation to consider any and all information provided to it by Parker Square and/or its representatives during the adjustment of the loss.

47. United Fire breached its duties by:

   a. conducting an incomplete, inadequate, and/or outcome-oriented investigation of the Parker Square's loss in order to avoid paying benefits due and owing, including but not limited to costs sufficient to replace the roof;

   b. misleading Parker Square as to the terms, conditions, and coverage under the policy for the loss;

   c. retaining outcome-oriented experts that routinely deny and/or undervalue claims for United Fire and/or other insurers in the industry.

   d. failing to adjust and/or pay the claim within a reasonable time after receiving notice of the loss; and

   e. denying coverage in whole or in part, delaying payment, refusing to pay, and failing to pay for the repairs and line items set forth herein as a matter of course, rather than as a result of fully and fairly investigating the loss.

48. United Fire knew and either ignored or recklessly disregarded the fact that there was no reasonable basis for engaging in the conduct alleged in Paragraph 49.

49. United Fire's denial of benefits due and owing under the policy has caused Parker Square financial distress, pecuniary loss, and has resulted in additional consequential damages.

50. United Fire knew or should have known that that its decision to deny Parker Square's claim in whole or in part would cause Plaintiff financial distress and pecuniary loss.

51. By committing the acts and/or omissions as described in paragraph 49, United Fire has breached the covenant of good faith and fair dealing with regards to its insured.

52. This breach of the covenant of good faith and fair dealing amounts to unfair settlement practice under Texas law, and has caused Parker Square to incur injuries, damages, and

losses in amounts to be determined at trial.

53. Parker Square has provided its 60-day letter to United Fire as is required by Chapters 541 and 542 of the Texas Insurance Code as a prerequisite for this lawsuit. See 60-day notice letter attached hereto as **Exhibit "E."**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff, Parker Square Syndicate I and against Defendant, United Fire Casualty Company, in the amount of $130,866.55, less any applicable deductibles.  Additionally, Plaintiff is requesting this Court award all general and compensatory damages owed under the policy, interest, fees, costs, reasonable attorneys' fees pursuant under Chapter 542, regarding unfair claim settlement practices, and for any such other relief as the Court deems appropriate under the circumstances.

## DEMAND FOR A JURY TRIAL

Plaintiff, Parker Square, hereby demands trial by jury on all issues so triable.

*/s/ Larry E. Bache. Jr.*
Larry E. Bache, Jr.
William F. Merlin, Jr., Esquire
Bar No.: 102309
Merlin Law Group, P.A.
777 S. Harbour Island Blvd., Suite 950
Tampa, Florida 33602
Telephone:    (813) 229-1000
Facsimile:    (813) 229-3692
Email: lbache@merlinlawgroup.com